IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST PORTER, <br>               Plaintiff, <br>   vs. <br> JOHN E. WETZEL *Secretary of Corrections;* MRS. IRMA VIHLIDAL *PHS ADMINISTRATOR;* RICHARD S. ELLERS, *DBH CARE SERVICES DEFENDANT(S) IN THEIR INDIVIDUAL OFFICIAL CAPACITY,* <br>               Defendants. | Civil Action No. 12-649 <br><br> Judge Cathy Bissoon/ <br> Magistrate Judge Maureen P. Kelly |

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

Ernest Porter, ("Plaintiff"), having been convicted of first degree murder,[1] amongst other crimes,[2] is incarcerated by the Pennsylvania Department of Corrections and is currently housed in the State Corrections Institution at Greene ("SCI-Greene") which is located within this judicial district. Plaintiff has initiated this civil action, alleging that his constitutional rights were

---

[1] Porter v. Horn, No. 99-cv-2677 (E.D. Pa. ECF No. 109) (federal habeas proceeding wherein Plaintiff challenged his conviction for first degree murder and his death sentence arising out of a shooting that occurred on April 27, 1985).

[2] Porter v. Beard, No. 07-cv-=3456 (E.D. Pa. ECF No. 27) (federal habeas proceeding, attacking Plaintiff's conviction for a robbery that occurred on April 30, 1985).

violated by the Defendants, when, after the Federal Drug Administration ("FDA") approved new medications to treat Hepatitis C, Defendants failed to provide him those drugs, even though it is undisputed that Plaintiff was being treated with other drugs used to combat Hepatitis C. Because Plaintiff's Complaint, at most, states a claim of negligence, the Complaint must be dismissed pre-service for failure to state a claim upon which relief can be granted.

### A. PROCEDURAL AND FACTUAL BACKGROUND

At the time of initiating this civil action, Plaintiff was a prisoner at SCI-Greene, apparently in the Capital Case Housing Unit. ECF No. 1-9 at 1. Plaintiff is proceeding pro se and has been granted *in forma pauperis* ("IFP") status. ECF No. 6. Plaintiff attached a proposed complaint (the "Complaint") to his Motion for Leave to Proceed In Forma Pauperis ("IFP").

The Complaint alleged that Plaintiff has Hepatitis C. ECF No. 1 at 6. He alleged that his then-current treatment for Hepatitis C was ineffective. Id. He further alleged that the FDA approved two new medications to treat Hepatitis C. The two new drugs are Victrelis and Incivek.[3] Plaintiff attached exhibits to his Complaint that demonstrated that he was being treated in the Hepatitis Clinic and receiving Interferonalpha and Ribavirin. ECF No. 1-4 at 1; ECF No. 1-6 at 1. Those exhibits further established that on July 5, 2011, (less than 45 days after the FDA

---

[3] The court takes judicial notice that the FDA approved the drug Victrelis (boceprevir) and Incivek (telaprevir) to treat chronic Hepatitis C on May 13, 2011. See U.S. Food and Drug Administration, News Release, "FDA Approves Victrelis for Hepatitis C" (May 13, 2011) available at
    http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm255390.htm

See also U.S. Food and Drug Administration, News Release, "FDA approves Incivek for hepatitis C" (May 13, 2011) available at
    http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm256299.htm

(sites last visited 8/21/2012).

2

approved the new drugs), Plaintiff sent a request slip to SCI-Greene Medical Staff, requesting treatment with the two new medications. ECF No. 1-2 at 1. In response, Plaintiff was told that the Defendants are "awaiting some kind of approval." Id. Plaintiff wrote to the DOC Bureau of Health Care Services ("HCS") concerning the two new medications. The BCS responded on August 2, 2011, and stated that

> It has been determined that the care being provided to you by the staff at SCI-Greene is medically appropriate. The Bureau of Health Care Services is currently reviewing and revising the Hepatitis C protocol for evaluation and treatment of chronic hepatitis C infection to incorporate the use of newly [sic] protease inhibitors.

ECF No. 1-3 at 1. Essentially, it appears that at the time of Plaintiff's request, the two new medications were not yet approved on the DOC formulary.[4]

Plaintiff apparently dissatisfied with the responses, filed a grievance on November 21, 2011 complaining that he was not given the two new drugs. ECF No. 1-5 at 1. The grievance was responded to by a Nurse Supervisor who responded that "[y]our claim that the medical department is 'ignoring' your request to be treated with Victrelis and Incivek for Hepatitis C is false. The Pennsylvania Department of Corrections has not introduced this treatment. You will continue to be followed in hepatitis clinic. Treatment options will be discussed at this time." ECF No. 1-6 at 1. Plaintiff appealed to the Superintendent's Office. ECF No. 1-7. The appeal was denied. ECF No. 1-8. Plaintiff

---

[4] "A formulary drug is one on a list of predetermined economical medications that a doctor may prescribe for a condition. A non-formulary drug is one that does not come within the approved list of medications" but may nonetheless ultimately be prescribed if the formulary drugs prove to be ineffective. Rozzelle v. Rossi, NO. CIV A 98-1738, 2007 WL 2571935, at *1 n. 1 (W.D. Pa. Aug. 31, 2007).

then appealed to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA").

ECF No. 1-9. The SOIGA responded on February 16, 2012, and stated that

> A review of the record conducted by the Bureau of Health Care Services (BHCS) reveals that the medical care provided to you by the medical department has been appropriate. The BHCS concurs with the response by the Grievance Officer. The Pennsylvania Department of Corrections has not introduced treatment involving Victrelis and Incivek as of the present time. You will continue to be followed in hepatitis clinic.

ECF No. 1-10.

Plaintiff then initiated the present civil action on or about May 15, 2012. Service of process has not yet been made on the Defendants.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, and/or because Plaintiff is a prisoner suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (i)

4

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 42 U.S.C. § 1997e.

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., __ F.App'x __, 2012 WL 1592979 (3d Cir. May 8, 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2009).

As the United States Supreme Court recently explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the

12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

## C. DISCUSSION

Plaintiff claims that the actions of the Defendants, in not providing the two medications recently approved by the FDA to treat Hepatitis C, violated his rights to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution. See, e.g., ECF No. 1 at 8, ¶ 9.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[1]

In cases involving the alleged denial of medical care, the United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle, 429 U.S. 97, 104 (1976) (internal quotations omitted). The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As a corollary of the deliberate indifference standard, mere negligence by staff at the prison, medical personnel and physicians in treating prisoners is

---

[1] Technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)). The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's substantive due process clause. See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981) (citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). Given this, the court will not separately analyze the Eighth and Fourteenth Amendments. Rather, the court will analyze Plaintiff's claims utilizing the standards of the Eighth Amendment and cases construing those standards.

not sufficient to state an Eighth Amendment violation. Estelle, 429 U.S. at 105-06. The Supreme Court has held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id.

In the case at issue, this Court has no hesitancy in concluding that the factual allegations of Plaintiff's Complaint, which do not contradict the facts supported by the exhibits are simply not "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

Simply put, Plaintiff does not allege a denial of medical care, i.e., he does not allege that he was denied treatment for his Hepatitis C, rather he alleges that he was denied the two most recently approved FDA medications for treatment of Hepatitis C, which he feels would be more effective than the current treatment with Interferonalpha and Ribavirin, which he alleges is ineffective. These allegations amount to no more than a mere disagreement over which course of treatment he should be undergoing and so, fails to state a claim of deliberate indifference. "When a prisoner receives medical treatment and disputes the adequacy of that treatment, we are reluctant to second guess the doctor's medical judgment. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Mere disagreements between the prisoner and the treating physician over medical

8

treatment do not rise to the level of 'deliberate indifference.'" Qiuinn v. Dietman, 413 F.App'x 419, 422 (3d Cir. 2011).

Moreover, we take judicial notice that in the very announcement, approving Incivek, the FDA observed that "[t]he current standard of care for patients with chronic hepatitis C infection is peginterferon alfa and ribavirin taken for 48 weeks."[5] This is the very treatment that Plaintiff concedes in the exhibits that he is receiving. It is difficult for this Court to imagine that a prisoner being treated with the current standard of care could also constitute deliberate indifference. See, e.g., Fleming v. Nebraska Dept. of Correctional Services, No. 4:03CV3307, 2006 WL 2990355, at *14 (D.Neb., Oct. 18, 2006) ("deliberate indifference is 'a state of mind more blameworthy than negligence,' and it will be found to exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' *Farmer v. Brennan*, 511 U.S. 825, 835, 847 (1994). . . . Although the plaintiff's treatment was not optimal, and although there is evidence that treatments such as osteotomy and knee replacement surgery have not been tried, it is undisputed that the plaintiff has received treatment [which] is consistent with the current standard of care. Under these circumstances, I find that the defendants did not act with deliberate indifference to the plaintiff's serious medical needs.").

We find that Plaintiff's case is analogous to Dickerson v. SCI-Graterford, 453 F.App'x 134 (3d Cir. 2011) wherein, the prisoner-plaintiff alleged, *inter alia*, that he was not receiving

---

[5] U.S. Food and Drug Administration, News Release, "FDA approves Incivek for hepatitis C" (May 13, 2011) available at

http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm256299.htm

(site last visited 8/21/2012).

the medications he should be receiving. The United States Court of Appeals for the Third Circuit rejected the claims in Dickerson and held that

> These allegations, accepted as true, do not support the contention that the doctors knew of and disregarded an excessive risk to Dickerson's health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although Dickerson would have preferred a different course of treatment, and complains that he still "suffers from a ... complex of symptoms," his dissatisfaction does not establish a cause of action. *Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." (citations omitted)). Indeed, the doctors' decisions not to prescribe Dickerson's preferred choice of medications does not establish an Eighth Amendment violation. Similarly, Dr. Bruce's determination that Dickerson did not need surgery, even if negligent, does not rise to the level of a constitutional violation. *Cf. Johnson v. Doughty*, 433 F.3d 1001, 1015 (7th Cir. 2006) (holding that doctor's determination that surgery for a hernia was not necessary did not give rise to an Eighth Amendment violation). Therefore, because Dickerson has not alleged facts from which a court could conclude that the doctors acted with deliberate indifference, the District Court properly dismissed his Eighth Amendment claims.

Id., at 136 -37.

Because Plaintiff's Complaint, at most, alleges a disagreement as to the proper course of treatment and because such fails to state a claim of deliberate indifference, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## III. **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

August 24, 2012                                       s/Maureen P. Kelly
                                                      MAUREEN P. KELLY
                                                      UNITED STATES MAGISTRATE JUDGE



cc:
    Cathy Bissoon
    United States District Judge

    ERNEST PORTER
    AY-7434
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370